UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------
DIANNE H.,

                              Plaintiff,          <u>DECISION AND ORDER</u>
                                                  1:21-CV-06235-GRJ

              v.

KILOLO KIJAKAZI,[1]
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                              Defendant.
-----------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

        In July of 2019, Plaintiff Dianne H.[2] applied for Disability Insurance

Benefits under the Social Security Act. The Commissioner of Social

Security denied the application, in part.  Plaintiff, represented by Joseph

Albert Romano, Esq., of counsel, commenced this action seeking judicial

review of the Commissioner's denial of benefits under 42 U.S.C. §§ 405 (g)

---

[1] Kilolo Kijakazi became the Acting Commissioner of Social Security on July 9, 2021.
Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure Kilolo Kijakazi is
substituted for Andrew Saul as the Defendant in this suit. No further action has to be
taken to continue this suit by reason of the last sentence of section 205(g) of the Social
Security Act, 42 U.S.C. § 405 (g). The Clerk is directed to make this change on the
docket.
[2] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

and 1383 (c)(3).  The parties consented to the jurisdiction of a United States Magistrate Judge. (Docket No. 11).

This case was referred to the undersigned on October 24, 2022. Presently pending are the parties' Motions for Judgment on the Pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 15, 17). For the following reasons, Plaintiff's motion is due to be denied, the Commissioner's motion is due to be granted, and this case is dismissed.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on July 16, 2019, alleging disability beginning December 17, 2018. (T at 428-429).[3]  Plaintiff's application was denied initially and on reconsideration.  She requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on October 26, 2020, before ALJ Sharda Singh. (T at 272). Plaintiff appeared with an attorney and testified. (T at 276-289). The ALJ also received testimony from Andrew Vaughn, a vocational expert. (T at 289-292).

### B.    ALJ's Decision

On November 18, 2020, the ALJ issued a decision denying the application for benefits, in part. (T at 18-39).  The ALJ found that Plaintiff

---

[3] Citations to "T" refer to the administrative record transcript at Docket No. 14

had not engaged in substantial gainful activity since December 17, 2018 (the alleged onset date) and meets the insured status requirements of the Social Security Act through March 31, 2024. (T at 24).  The ALJ concluded that Plaintiff's obesity, degenerative disc disease of the lumbar spine, degenerative disc disease of the cervical spine status post fusion surgery, right Achilles' tendon rupture status post repair, right knee arthritis status post arthroscopic surgery, right hip tear, degenerative joint disease of both hips, and asthma were severe impairments as defined under the Act. (T at 25).

However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 25).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she needs a cane to ambulate, can occasionally perform postural movements, and should avoid respiratory irritants. (T at 26).

The ALJ concluded that Plaintiff could not perform her past relevant work as a shelter monitor. (T at 30).  However, considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that there were

jobs that existed in significant numbers in the national economy that Plaintiff could have performed prior to June 20, 2020. (T at 31).

The ALJ found that, beginning on June 20, 2020, when Plaintiff's age category changed to an individual closely approaching advanced age, there were no jobs that exist in significant numbers in the national economy that Plaintiff can perform. (T at 32).

As such, the ALJ found that Plaintiff was not entitled to benefits for the period between December 17, 2018 (the alleged onset date) and June 20, 2020 (the date her age category changed) but was entitled to benefits thereafter. (T at 32). On May 19, 2021, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (T at 1-7).

C.   *Procedural History*

Plaintiff commenced this action, by and through her counsel, by filing a Complaint on July 22, 2021. (Docket No. 1). On March 10, 2022, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 15, 16). The Commissioner interposed a cross-motion for judgment on the pleadings, supported by a memorandum of law, on May 9, 2022. (Docket No. 17, 18).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard." *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted. *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

B.    *Five-Step Sequential Evaluation Process*

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without

considering vocational factors such as age, education, and work experience.

4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.

5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec*., 994 F. Supp. 2d 496, 503

(S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v),

416.920(a)(4)(i)–(v).

The claimant bears the burden of proof as to the first four steps; the

burden shifts to the Commissioner at step five. *See Green-Younger v.*

*Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner

determines whether claimant can perform work that exists in significant

numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101,

103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

Plaintiff raises three main arguments in support of her request for

reversal of the unfavorable portion of the ALJ's decision.  First, she

challenges the ALJ's RFC determination.  Second, Plaintiff contends that

the ALJ erred in discounting her credibility.  Third, Plaintiff argues that the

ALJ's step five analysis was flawed.  This Court will address each argument in turn.

A.   *RFC Determination*

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

Here, the ALJ determined that Plaintiff retained the RFC to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following limitations: she needs a cane to ambulate, can occasionally perform postural movements, and should avoid respiratory irritants. (T at 26).

Plaintiff challenges several aspects of the RFC determination.

First, she argues that the limitation to occasional "postural movements" is impermissibly vague.  While the ALJ could have been more

8

specific in defining "postural activities" in the decision, the Court concludes that any arguable error is harmless, as the ALJ's definition of that term can be readily discerned from the record.

During the administrative hearing, the ALJ asked the vocational expert about a hypothetical claimant capable of sedentary work, but restricted from climbing ladders, ropes, or scaffolds, and limited to only occasionally climbing ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. (T at 291-92).  The vocational expert testified that such a claimant could not perform Plaintiff's past relevant work, but could perform other work that exists in significant numbers in the national economy. (T at 292).  The lack of specificity in the ALJ's decision does not undermine the Court's confidence in the fact that the ALJ properly considered Plaintiff's limitations with respect to work-related postural activities.

Plaintiff's second challenge to the RFC determination is that the ALJ should have recognized her need to use a cane for balance.  The ALJ found that Plaintiff needed a cane to ambulate but did not indicate that she required a cane for balance. (T at 26).  Dr. Nina Spooner, a consultative examiner, opined that Plaintiff had moderate limitation with respect to balancing. (T at 633). Dr. Spooner also described Plaintiff's cane as

"medically necessary," and noted that she used the cane "at all times" and "to help prevent falls." (T at 631).

The ALJ erred in failing to address Plaintiff's need to use her cane for balance in the decision.  The error was harmless. *See generally Akey v. Astrue*, 467 F. App'x 15, 17 (2d Cir. 2012) ("The ALJ's failure to include the limitation to unskilled and semi-skilled work is harmless because the only jobs the vocational expert identified were unskilled or semi-skilled.").

Notably, in the hypothetical presented to the vocational expert, the ALJ asked about a claimant who needed a cane to ambulate *and* balance. (T at 291).  The vocational expert testified that such a claimant could not perform Plaintiff's past relevant work but could perform other work that exists in significant numbers in the national economy. (T at 292).

Plaintiff points to no evidence to support the argument that her need to use a cane for balance would preclude her from performing the reduced range of sedentary work identified in the RFC determination. *Compare Podolsky v. Colvin*, No. 12 CIV. 6544 RA JLC, 2013 WL 5372536, at *17 (S.D.N.Y. Sept. 26, 2013)("Thus, while the use of a cane may impact the ability of a claimant to do light or medium work, there was substantial evidence in the record for the ALJ to have concluded that Podolsky could perform sedentary work with his cane.") *with Lausell v. Comm'r of Soc.*

*Sec.*, No. 19 Civ. 2016 (SLC), 2021 WL 797074, at *16 (S.D.N.Y. Mar. 1, 2021)(remanding because ALJ failed to develop the record concerning use of a cane, which was "outcome-determinative" of whether claimant could work under the VE testimony); *see also Parker v. Sullivan*, No. 91 CIV. 0981 (PNL), 1992 WL 77552, at *4 (S.D.N.Y. Apr. 8, 1992)(ALJ did not commit reversible error in finding that claimant could perform sedentary work notwithstanding need to use a cane).

Plaintiff's third challenge to the RFC determination is a broad-based claim that the medical evidence establishes a greater degree of limitation. Plaintiff's argument fails because the ALJ's decision is supported by substantial evidence.

In particular, the RFC determination is supported by multiple medical opinions from examining and non-examining physicians.   Dr. Spooner, the consultative examiner, found marked limitation in Plaintiff's ability to climb stairs, bend, squat, and kneel and assessed moderate limitation with respect to sitting, standing, walking, balancing, lifting, and carrying. (T at 633).  Dr. V. Au, a non-examining State Agency review physician, opined that Plaintiff could perform light work. (T at 299-98).  Dr. K. Ahmed, another State Agency review physician, reached the same conclusion. (T at 310-12).  Dr. Mitchell Goldstein, who performed an independent medical

examination in connection with Plaintiff's claim for workers' compensation benefits, opined that Plaintiff should not lift more than 10 pounds and needed to avoid steps, running, or standing for more than 15-20 minutes. (T at 676).  Dr. Henry Magliato, another independent medical examiner, concluded that Plaintiff was "capable of sedentary work with limited walking and very limited use of steps/stairs." (T at 662).

Plaintiff points to other evidence and offers an alternate, more restrictive, reading of the record.  It is the role of the Commissioner, however, and not this Court, to resolve conflicts in the evidence.  *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002)("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").  The ALJ may reach a determination that "does not perfectly correspond with any of the opinions of medical sources," provided the ALJ's overall assessment is supported by substantial evidence and consistent with applicable law. *See Trepanier v. Comm'r of SSA*, 752 Fed. Appx. 75, 79 (2d Cir. 2018).

Further, the question is not whether Plaintiff has significant work-related limitations; the ALJ found that Plaintiff was limited to a reduced range of sedentary work.  This is a very restrictive assessment.  Plaintiff's contention that the ALJ should have gone further is unavailing under the deferential standard of review applicable here, particularly given the

medical opinion evidence outlined above and discussed in the ALJ's decision. *See Brault v. SSA*, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam)("The substantial evidence standard means once an ALJ finds facts, [a court] can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.")(emphasis in original) (citation and internal quotation marks omitted); *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.")(citation omitted).

   B.   *Credibility*

   A claimant's subjective complaints of pain and limitation are "an important element in the adjudication of [social security] claims, and must be thoroughly considered in calculating the [RFC] of a claimant." *Meadors v. Astrue*, 370 F. App'x 179, 183 (2d Cir. 2010) (citation omitted); *see also* 20 C.F.R. § 416.929.

   However, "the ALJ is … not required to accept the claimant's subjective complaints without question." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010) (citations omitted). Rather, the ALJ "may exercise discretion in weighing the credibility of the claimant's testimony in light of other evidence in the record." *Id*. (citation omitted); *see also Henningsen v. Comm'r of Soc. Sec.*, 111 F. Supp. 3d 250, 267 (E.D.N.Y. 2015) ("The ALJ

retains discretion to assess the credibility of a claimant's testimony regarding disabling pain and 'to arrive at an independent judgment, in light of medical findings and other evidence, regarding the true extent of the pain alleged by the claimant.'" (quoting *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979))).

The ALJ follows a two-step process in evaluating a claimant's credibility.  First, "the ALJ must decide whether the claimant suffers from a medically determinable impairment that could reasonably be expected to produce the symptoms alleged." *Genier*, 606 F.3d at 49 (citation omitted).

Second, "the ALJ must consider the extent to which the claimant's symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence of record." *Id*. (citation, alterations, and quotation marks omitted). The ALJ must "consider all of the available medical evidence, including a claimant's statements, treating physician's reports, and other medical professional reports." *Fontanarosa v. Colvin*, No. 13-CV-3285, 2014 U.S. Dist. LEXIS 121156, at *36 (E.D.N.Y. Aug. 28, 2014) (citing *Whipple v. Astrue*, 479 F. App'x 367, 370-71 (2d Cir. 2012)).

If the claimant's allegations of pain and limitation are "not substantiated by the objective medical evidence, the ALJ must engage in a credibility inquiry." *Meadors*, 370 F. App'x at 184.

This inquiry involves seven (7) factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medications taken to alleviate the pain; (5) any treatment, other than medication, that the claimant has received; (6) any other measures that the claimant employs to relieve the pain; and (7) other factors concerning the claimant's functional limitations and restrictions as a result of the pain. *See* 20 C.F.R. § 404.1529(c)(3)(i)-(vii)).

If the ALJ discounts the claimant's credibility, the ALJ "must explain the decision to reject a claimant's testimony "with sufficient specificity to enable the [reviewing] Court to decide whether there are legitimate reasons for the ALJ's disbelief and whether [the ALJ's] decision is supported by substantial evidence." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 280 (S.D.N.Y. 2010)(alterations in original, citations omitted).

In the present case, Plaintiff testified as follows: She completed 11th grade and was 50 years old at the time of the administrative hearing. (T at 276-77).  She lives with her brother, son, and grandchildren. (T at 277). She can bathe and dress herself with "some slight assistance." (T at 277). She attends to light household chores. (T at 277-78).  She stopped working in December of 2018. (T at 278).  Prolonged sitting (more than 20 minutes)

is painful. (T at 280, 282).  She drives short distances. (T at 280).  On a

typical day, Plaintiff watches television, performs limited household

activities, and attends therapy and medical appointments. (T at 281).  She

uses a cane for balance and walking. (T at 282).  She can stand for 20-30

minutes and walk short distances. (T at 282-83).  She can lift about 10

pounds and do some crouching and bending. (T at 283-84).  She can climb

stairs with a railing. (T at 284, 286).  She has difficulties with sleeping and

memory problems. (T at 285).

The ALJ found that Plaintiff's medically determinable impairments

could reasonably be expected to cause the alleged symptoms, but

concluded that her statements concerning the intensity, persistence, and

limiting effects of those symptoms were not fully credible. (T at 28).

For the following reasons, the Court finds the ALJ's decision

supported by substantial evidence and consistent with applicable law.

First, the ALJ found Plaintiff's complaints of disabling pain and

limitation not fully consistent with the treatment record and the medical

opinion evidence, including multiple opinions from examining and reviewing

physicians, as discussed above. (T at 26-30).

An ALJ has the discretion to discount a claimant's subjective

complaints where, as here, those complaints can be considered

inconsistent with the overall medical record. *See Kuchenmeister v. Berryhill*, No. 16 Civ. 7975, 2018 U.S. Dist. LEXIS 9750, at *59 (S.D.N.Y. Jan. 19, 2018); *Rodriguez v. Colvin*, No. 15 Civ. 6350, 2016 U.S. Dist. LEXIS 159003, at *68-69 (S.D.N.Y. Nov. 14, 2016); *Robles v. Colvin*, No. 16CV1557 (KMK) (LMS), 2019 U.S. Dist. LEXIS 62118, at *51 (S.D.N.Y. Apr. 9, 2019).

Second, the ALJ reasonably found Plaintiff's complaints of totally disabling pain and limitation inconsistent with her activities of daily living, which included light household chores, personal care, and driving short distances. (T at 26-27).  A claimant's "normal range of activities" may be relied upon as evidence that the claimant "retains a greater functional capacity than alleged." *Smoker v. Saul*, No. 19-CV-1539 (AT) (JLC), 2020 U.S. Dist. LEXIS 80836, at *53 (S.D.N.Y. May 7, 2020)(citation omitted).  In particular, "[e]vidence that a plaintiff is capable of participating in various activities of daily living despite allegations of severe pain can support a determination that a plaintiff can perform sedentary work." *Niven v. Barnhart*, 03 Civ. 9359 (DLC), 2004 U.S. Dist. LEXIS 17337, at *19 (S.D.N.Y. Sept. 1, 2004)(citing *Rivera v. Harris*, 623 F.2d 212, 216 (2d Cir. 1980)); *see also Rutkowski v. Astrue*, 368 Fed. App'x 226, 230 (2d Cir. 2010)(affirming ALJ's credibility determination in light of "substantial

evidence … showing that [claimant] was relatively 'mobile and functional,' and that … allegations of disability contradicted the broader evidence"); *Ashby v. Astrue*, No. 11 Civ. 02010, 2012 U.S. Dist. LEXIS 89135, at *43-44 (S.D.N.Y. Mar. 27, 2012)("As it appears that, in making his credibility assessment, the ALJ appropriately considered Plaintiff's ability to engage in certain daily activities as one factor, among others suggested by the regulations, this Court finds no legal error in this aspect of the ALJ's analysis.").

There is no question that Plaintiff suffers from pain and limitation. The ALJ did not dismiss Plaintiff's subjective complaints and, in fact, found her limited to a reduced range of sedentary work. (T at 26).  However, "disability requires more than mere inability to work without pain." *Dumas v. Schweiker*, 712 F.2d 1545, 1552 (2d Cir. 1983). "Otherwise, eligibility for disability benefits would take on new meaning." *Id.*

Here, the ALJ offered specific support for the decision to discount Plaintiff's subjective complaints, including a reasonable reading of the record, reliance on multiple medical opinions, and proper consideration of the activities of daily living.  This is sufficient to sustain the credibility assessment under the standard of review applicable here.  *See Stanton v. Astrue,* 370 Fed App'x 231, 234 (2d Cir. 2010)(stating that courts will not

"second-guess the credibility finding . . . where the ALJ identified specific record-based reasons for his ruling"); *Hilliard v. Colvin*, No. 13 Civ. 1942, 2013 U.S. Dist. LEXIS 156653, at *48 (S.D.N.Y. Oct. 31, 2013)(finding that ALJ "met his burden in finding [subjective] claims not entirely credible because [claimant] remains functional in terms of activities of daily living and the objective medical evidence fails to support her claims of total disability based on pain").

### C.    Step Five Analysis

At step five of the sequential analysis, the ALJ concluded that, considering Plaintiff's age, education, work experience, and RFC there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed prior to June 20, 2020.  (T at 31).   The ALJ's decision was based on testimony from a vocational expert ("VE").  When asked whether a hypothetical claimant with limitations as set forth in the RFC determination[4] could perform work that existed in significant numbers in the national economy, the VE identified three representative occupations that such a claimant could perform – callout operator, addressing clerk, and cutter and paster. (T at 292).

---

[4] As discussed above, the hypothetical presented to the VE actually included an additional limitation (the need to use a cane for balance) that was not included in the RFC. (T at 291).

Plaintiff offers two challenges to the step five analysis.

First, she contends that the hypothetical presented to the VE did not correspond with her actual RFC.  However, this amounts to a restatement of the arguments set forth above.  The Court finds the ALJ's RFC determination supported by substantial evidence and, thus, finds no error in the hypothetical presented to the VE.  *See Wavercak v. Astrue*, 420 F. App'x 91, 95 (2d Cir. 2011)("Because we have already concluded that substantial record evidence supports the RFC finding, we necessarily reject Wavercak's vocational expert challenge.").

Plaintiff's second challenge is that the representative occupations identified by the VE do not constitute jobs that exist in "significant numbers" in the national economy.  According to the VE, the representative occupations were available in the following numbers: callout operation (3,300); addressing clerk (3,000); and cutter and paster (11,000). (T at 292).  The total number of available positions is 17,300.

The Social Security Act and Commissioner's regulations do not "provide a definition for a 'significant' number of jobs." *Koutrakos v. Colvin*, No. 3:13-CV-1290 (JGM), 2015 WL 1190100, at *21 (D. Conn. Mar. 16, 2015).  Courts have held that the "significant number" threshold is "fairly minimal," and they are "generally guided by numbers that have been found

20

'significant' in other cases." *See Hamilton v. Comm'r of Soc. Sec*., 105 F. Supp. 3d 223, 229-30 (N.D.N.Y. 2015)(collecting cases).

While there is authority to suggest that 4,000-5,000 jobs is not a significant number, *see id.*, however, a total number over 17,000 is sufficient to satisfy the Commissioner's step five burden. *See Mota v. Comm'r of Soc. Sec*., No. 20-CV-07294 (SN), 2022 WL 464098, at \*12 (S.D.N.Y. Feb. 15, 2022)(9,600 jobs is a significant number); *Hanson v. Comm'r of Soc. Sec*., No. 15-CV-150 (GTS) (WBS), 2016 WL 3960486, at \*13 (N.D.N.Y. June 29, 2016) (finding that national numbers from 9,000 and up was "significant"), *adopted by Hanson v. Colvin*, 2016 WL 3951150 (N.D.N.Y. July 20, 2016); *Gray v. Colvin*, No. 12-CV-6485L, 2014 WL 4146880, at \*6 (W.D.N.Y. Aug. 19, 2014)(16,000 jobs is significant).

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is DENIED; the Commissioner's Motion for Judgment on the Pleadings (Docket No. 17) is GRANTED; and this case is DISMISSED. The Clerk is directed to enter final judgment in favor of the Commissioner and then close the file.

Dated: November 28, 2022         *s/Gary R. Jones*
                                 GARY R. JONES
                                 United States Magistrate Judge

21